O

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| JORGE A. HABIB-RODRIGUEZ, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. L-08-70 |
| | § | CRIMINAL CASE NO. L-06-576-1 |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

**OPINION AND ORDER**

Now pending is a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody by Jorge Habib-Rodriguez ("Habib"). [Dkt. No. 1].[1]  For the reasons stated herein, such motion is **DISMISSED with prejudice**.

**I.   DISCUSSION**

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaugh*, 955 F.2d 367, 368 (5th Cir. 1992) (per curiam).  Generally, § 2255 claims fall under four categories: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255.  After conducting an initial examination of the Petition, the

---

[1] "Dkt. No." refers to entries in the Court's electronic filing system, in civil action number L-08-70.  The Court will refer to entries in the underlying criminal conviction, number L-06-576-1, by "Crim. Dkt. No."

Court must dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." 28 U.S.C. § 2255 Proc. R. 4.

Habib first claims that his attorney at trial rendered ineffective assistance of counsel, violating Habib's rights under the Sixth Amendment of the United States Constitution. To state such a claim, Habib must allege (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that he suffered prejudice as a result. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Here, Habib claims that Andres A. Ramos, his attorney, failed to file an appeal on Habib's behalf. [Dkt. No. 1 at 3]. Failure to file a notice of appeal when requested by a defendant might normally be deemed *per se* ineffective assistance—if such omission in fact denies the defendant of his right to appeal. *See Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). However, Habib was able to pursue an appeal. To his credit, he personally submitted a notice of appeal. [Crim. Dkt. No. 181]. The Court then appointed Habib appellate counsel, [Crim. Dkt. No. 218], and the Fifth Circuit addressed—and rejected—Habib's appeal on the merits. *United States v. Habib-Rodriguez*, No. 06-41600 (5th Cir. Jan. 16, 2008); [Crim. Dkt. No. 258]. Therefore, even if Ramos indeed refused to file a notice of appeal, this did not prejudice Habib. *Cf. Strickland*, 466 U.S. at 687. Therefore, Habib fails to state a claim of ineffective assistance of counsel.

Habib next claims that, "[p]ursuant to the objections on my PSR . . . a mitigation on my role in the current offense should be made and a two level reduction should be granted exactly as granted to San Juanita Guadalupe Gomez de Anda. Case No. 06-cr-576-4." [Dkt. No. 1 at 3]. A motion under 28 U.S.C. § 2255 is not the place to complain of a sentencing disparity. *See United States v. Walker*, 68 F.3d 931, 934 (5th Cir. 1995).

The Fifth Circuit has already deemed the sentence reasonable. *Habib-Rodriguez*, No. 06-41600, slip op. at 1-2. Therefore, this claim must be dismissed as well.

**II.    ORDER**

For the reasons stated above, the instant motion is **DISMISSED with prejudice**. [Dkt. No. 1]; *see* 28 U.S.C. § 2255 R. 4. Should Habib seek one, a certificate of appealability is **DENIED**. A separate final judgment shall issue.

IT IS SO ORDERED.

SIGNED this 28th day of May, 2008.

_____
Micaela Alvarez
United States District Judge